IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIFFANY FENTERS, | ) | No. CV-F-05-1630 OWW/DLB |
| | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | EX PARTE APPLICATION (Doc. |
| Plaintiff, | ) | 67), DENYING DEFENDANTS' |
| | ) | MOTION TO DISMISS PURSUANT |
| vs. | ) | TO RULE 41(b) AND REQUEST |
| | ) | FOR SANCTIONS (Doc. 63), AND |
| | ) | VACATING ORAL ARGUMENT SET |
| YOSEMITE CHEVRON, et al., | ) | FOR SEPTEMBER 18, 2006 |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    By Order filed on July 14, 2006, plaintiffs were ordered to file a First Amended Complaint within 20 days of service of the Order.  The Order was served electronically on July 14, 2006.

    On August 15, 2006 at 4:18 p.m., defendants Yosemite Chevron, Abbco Investments, LLC, Robert Abbate, James Abbate and John Abbate (hereinafter the Abbate Defendants) filed a motion to dismiss the action pursuant to Rule 41(b), Federal Rules of Civil Procedure, and for monetary sanctions because of plaintiffs failure to file a First Amended Complaint within the time set

1

forth in the Order.

On August 15, 2006 at 4:38 p.m., plaintiff Tiffany Fenters filed a First Amended Complaint (Doc. 66).[1] On August 15, 2006 at 5:46 p.m., plaintiffs filed an "Ex Parte Request That Court Consider Belatedly Filed First Amended Complaint Due to Inadvertent Clerical Error".

Pursuant to Rule 78-230(h), Local Rules of Practice, the present record establishes that further hearing on plaintiff's ex parte request and the Abbate Defendants' motion is unnecessary.

In support of the ex parte request, counsel for plaintiffs, Kevin Little, avers:

> 1. On August 3, 2006, at approximately 3:18 p.m., the undersigned [Mr. Little] completed drafting the First Amended Complaint that was due to be filed that day, as per the Court's July 17, 2006 Order ... At approximately 3:19 p.m., the undersigned counsel converted said document from WordPerfect to Adobe format, which is the format required for purposes of electronic filing via the Court's CM/ECF system. At approximately 3:20 p.m., the undersigned counsel e-mailed the First Amended Complaint in Adobe format from his primary e-mail address (fwllaw@aol.com) to his secretary's primary e-mail address (purplemz@aol.com), entitling the accompanying message, 'Fenters First Amended Complaint for Filing.' Copies of the undersigned counsel's file directory listings indicating the times when the subject documents were created and the subject e-mail message are [sic] attached hereto as Exhibits 1 and 2, respectively.
>
> 2. There has been no set, uniform protocol

---

[1] Although Tiffany's parents were named as plaintiffs in the Complaint, they are not named as plaintiffs in the First Amended Complaint.

2

|   |   |
|---|---|
| 1 | for how documents get filed electronically in my office.  Depending on who is available |
| 2 | and/or less busy at a particular time, either myself of [sic] my secretary may |
| 3 | electronically file documents with the Court.  Unfortunately, my secretary in this instance |
| 4 | presumed that I had already electronically filed the First Amended Complaint and was |
| 5 | merely forwarding her a copy to upload onto the office's mail computer system, which, |
| 6 | unlike the personal computer system located in my office, can be accessed more readily by |
| 7 | any of the attorneys or staff in my office.  As a result, although the First Amended |
| 8 | Complaint was timely completed and prepared for filing, it was not filed until this |
| 9 | afternoon at 4:38 p.m., shortly after I received the defense motion to dismiss and |
| 10 | request for sanctions that for the first time alerted me to the above-described |
| 11 | discrepancy. |
| 12 | 3.  My office had never had any similar problem electronically filing documents with |
| 13 | this Court previously, and prospective safeguards will be put in place to ensure |
| 14 | that there will be no reoccurrences. |
| 15 | 4.  Because the First Amended Complaint was drafted and prepared for filing in a timely |
| 16 | fashion and in good faith compliance with the Court's July 14, 2006 Order, it is hereby |
| 17 | requested that said pleading be considered by this Court. |

Exhibit 1 to Mr. Little's declaration is a copy of the e-mail from Mr. Little to his secretary referred to above captioned "Fenters First Amended Complaint for Filing."  Exhibit 2 is a copy of a document entitled "C:\Documents and Settings\cclogin\My Documents\Fenters".  Exhibit 2 shows the following in pertinent part:

| <u>Name</u> | <u>Size</u> | <u>Type</u> | <u>Last Modified</u> |
|---|---|---|---|
| fenters-com-1st-amended | 110KB | Adobe Acrobat Document | 8/3/206 3:19 PM |

3

fenters-com-1st-amended    101KB    WordPerfect 11 Document   8/3/2006 3:18 PM

The Abbate defendants object to plaintiff's ex parte request, contending that this is the third request for relief from court orders since March 27, 2006, that plaintiff's counsel has continued to delay the case, "disrupting this Court's docket and imposing prejudice on Defendants". The Abbate Defendants further contend that "the excuse offered by Plaintiffs' [sic] counsel is not reasonable and not supported by credible evidence." The Abbate Defendants assert:

> The document presented by Plaintiffs' [sic] counsel does not establish that he made a good faith effort to filed the First Amended Complaint in a timely manner. The real question that is not answered in a satisfactory manner is why Plaintiffs' counsel failed to notice for almost two weeks that he failed to file the First Amended Complaint. Since the Electronic Filing System issues a confirmation of the filing of a document immediately, there is no excuse for Plaintiffs' counsel's failure in noticing that the document was not filed. The more likely reason for the delay is that the complaint was neither drafted nor filed and that Plaintiffs' counsel is seeking to escape his obligations to opposing counsel and this Court yet again.

The exhibits submitted by Mr. Little indicate that Mr. Little prepared the First Amended Complaint on August 3, 2006 and forwarded it to his secretary for filing. The First Amended Complaint filed with the court in Adobe format is dated August 3, 2006. A document prepared in Adobe format cannot be changed. Furthermore, the document properties listed for the First Amended Complaint establish that the First Amended Complaint was created

4

in Adobe format on August 3, 2006.[2]  Because the First Amended Complaint could not be changed after it was created in the Adobe format, it necessarily follows that Mr. Little's averments that he drafted the First Amended Complaint and converted it to the Adobe format on August 3, 2006 are accurate.  The contentions of the Abbate Defendants are speculative and based solely on the assertion that Mr. Little should have noticed that he did not receive an e-mail confirmation from the District Court that the First Amended Complaint had been filed.  While it may be correct that Mr. Little and/or his staff should have noticed the absence of the confirming e-mail from the District Court, it nonetheless remains that Mr. Little prepared the First Amended Complaint and forwarded it to his secretary for filing on August 3, 2006.  The record negates any inference that Mr. Little deliberately failed to comply with the July 14, 2006 Order and supports the inference that Mr. Little reasonably believed that the First Amended Complaint would be timely filed.

    The Abbate Defendants moved to dismiss this action as against them pursuant to Rule 41(b), Federal Rules of Civil Procedure, and for an award of attorneys' fees as a sanction. This motion was filed before the First Amended Complaint was filed and triggered the belated filing of the First Amended Complaint.

---

[2] To determine the date a document filed in an action which was created in Adobe format, the document is opened, the icon "file" is opened, and the file "document properties" is opened.

Rule 41(b) provides that a defendant may move for dismissal of an action for "failure of the plaintiff to prosecute or to comply with these rules or any order of court."  "[I]n order to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.' ...." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir.1999).  Dismissal as a sanction should be imposed only in extreme circumstances.  *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir.1992); *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829 (1986).  Dismissal as a sanction should be imposed only in extreme circumstances."

With regard to the first factor, the Abbate Defendants assert that plaintiffs "delayed in bringing their action and further delayed the hearing on the motions to dismiss."  The Abbate Defendants note that plaintiff alleges she was forced to resign from her employment by the Abbate Defendants in March 2003 and that the criminal prosecution against plaintiff which forms the basis of her allegations of malicious prosecution terminated in Tiffany's favor in September 2005.  The Complaint was filed on December 22, 2005.  After obtaining stipulations to extend the time to respond to the Complaint, the Abbate Defendants (and

6

other defendants)  filed a motion to dismiss the Complaint on February 24, 2006, noticing the motion for hearing on April 10, 2006.  On March 27, 2006, plaintiffs applied for an extension of time to oppose the motions to dismiss and for a continuance of the hearing date.  The requested extension and continuance was granted by Order filed on March 29, 2006, plaintiffs being ordered to file their oppositions by May 29, 2006 and continuing oral argument to June 26, 2006.  On May 30, 2006, plaintiffs again applied for an extension of time to file oppositions to the motions to dismiss and for a continuance of oral argument.  By Order filed on June 12, 2006, plaintiffs' second request was granted, plaintiffs' oppositions to be filed by June 20, 2006 and oral argument to be heard on June 30, 2006.  Plaintiffs timely complied with this Order.  In both instances, plaintiffs' counsel requested the extensions and continuances because of the press of business in other cases.

The first factor does not weigh in favor of dismissal of this action.  Any delay in bringing the action cannot weigh in favor of dismissal if the action is filed within the applicable statute of limitations.  Furthermore, plaintiffs obtained court orders allowing the extensions of time and continuance of oral argument.

The Abbate Defendants argue that the second factor weighs in favor of dismissal:

> Every time the plaintiffs failed to comply with a Court order ..., the Court must rearrange its docket and hearing schedule.

7

> The case has effectively been on hold since December of 2005 due to the delays imposed by the plaintiffs. The plaintiffs have disobeyed Court orders on three occasions; they twice failed to file an opposition in a timely manner and then failed to file the amended complaint within the time prescribed by the Court. Thus, the plaintiffs' delays have usurped the Court's need to manage its own docket.

As discussed *supra*, the failure to file the First Amended Complaint within the time prescribed by the July 14, 2006 Order was not deliberate and resulted from miscommunication. The two extensions of time and continuances of oral argument were granted after Mr. Little explained the need for the continuances. Therefore, the characterization that plaintiffs' disobeyed three court orders is exaggerated. This factor does not weigh in favor of dismissal under such circumstances.

The third factor, prejudice to the defendants, is asserted by the Abbate Defendants to weigh in favor of dismissal as a sanction. The Abbate Defendants assert that "plaintiffs delayed in serving the summons and complaint and then delayed for months the hearing on the defendants' motion to dismiss."

The Complaint was filed on December 23, 2005. Service of summons and complaint was made on James Abbate and Yosemite Chevron on December 29, 2005, on John Abbate on January 4, 2006, and on Abbco Investments and Robert Abbate on January 6, 2006. Therefore, the assertion that plaintiffs willfully delayed in serving summons and complaint is not substantiated by the record. As discussed *supra*, plaintiffs demonstrated to the court's

8

satisfaction that extensions of time and continuances of oral argument in connection with the motions to dismiss were required because of Mr. Little's commitments in other cases.  Although the Abbate Defendants refer to Ninth Circuit authority that "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend", *Yourish, supra*, 191 F.3d at 991, Mr. Little thought the First Amended Complaint had been timely filed.  Therefore, this factor does not weigh in favor of dismissal.

The Abbate Defendants also move for an award of attorneys' fees in the amount of $3,600.00 as a sanction for the failure to timely file the First Amended Complaint pursuant to Rule 41(b) and the court's inherent powers.

The Ninth Circuit requires "a finding of bad faith before sanctions may be imposed under the court's inherent power." *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478 (9th Cir.1989). No such finding can be made here.  With regard to Rule 41(b), although an award of attorneys' fees may be a lesser sanction for the failure to file the First Amended Complaint on August 3, 2006 as required by the Order, the record set forth above establishes that the failure to comply was due to negligence at best.  There has been no willful violation of the July 14, 2006 Order.

For the reasons set forth above:

1. Plaintiff's "Ex Parte Request That Court Consider Belatedly Filed First Amended Complaint Due to Inadvertent Clerical Error" is GRANTED.

9

2. Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 41(b) and Request for Sanctions is DENIED.

3. Oral argument set for September 18, 2006 is vacated.

IT IS SO ORDERED.

**Dated:   August 25, 2006**                              /s/ Oliver W. Wanger
emm0d6                                                            UNITED STATES DISTRICT JUDGE

10