IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY FENTERS,<br><br>             Plaintiff,<br><br>     vs.<br><br>YOSEMITE CHEVRON, et al.,<br><br>             Defendants. | No. CV-F-05-1630 OWW/DLB<br><br>MEMORANDUM DECISION AND ORDER DISMISSING ACTION PURSUANT TO RULE 41(b), FEDERAL RULES OF CIVIL PROCEDURE, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR DEFENDANTS |

Defendants filed three separate motions for summary judgment in mid-December 2007. The motions for summary judgment were noticed for hearing on January 14 and 28, 2008. On January 2, 2008, Plaintiff filed an application for an extension of time to file oppositions to these motions. Plaintiff's application was orally granted at a hearing on January 4, 2008. Plaintiff was expressly advised that no further extensions of time would be granted. Plaintiff's counsel was directed to prepare the order. (Doc. 150). The written Order granting Plaintiff's application required Plaintiff's oppositions to the motions to be filed on or before April 18, 2008; Defendants' replies to be filed on or before May 2, 2008, and the hearing to be conducted on May 12, 2008. The Order specifically stated: "No further extensions of time will be granted."

On April 18, 2008 at 4:37 p.m., Plaintiff filed a second application for an extension of time to respond to the summary judgment motions. Plaintiff requested a one-week extension, until April 25, 2008, to file the oppositions. Plaintiff asserted:

> The preparation of said opposition [sic] requires plaintiff's counsel, a sole practitioner on medical work restriction, to sift through many hundreds of pages of deposition and criminal trial history and thousands of pages of documents in order to prepare an opposition that will be helpful to the Court. Plaintiff's counsel underestimated the complexity of this task and the time necessary to complete an appropriate opposition and now simply cannot meet the current filing date.

Defendants opposed Plaintiff's application. By Order filed on April 23, 2008, Plaintiff's application for extension of time was denied:

> Plaintiff was twice advised that no further extensions of time would be granted in this action. This action was commenced on December 22, 2005. Plaintiff's counsel was given ample time to prepare oppositions to the motions. If granted, Plaintiff's requested extension will necessitate continuance of the hearing date of the motions until mid-June, 2008 in order to give the Court time to review the motions and prepare for the hearing.

On April 29, 2008, Plaintiff filed a "Plaintiff's Statement of Position Re: Submission of Summary Judgment Motions," (Doc. 168). Plaintiff's counsel, Kevin Little, also lodged "Plaintiff's Counsel's Confidential Declaration re: Request for Reconsideration of Order Denying Application for Extension of

1  Time." By Order filed on May 7, 2008, Plaintiff's request for
2  reconsideration was granted:

3           Mr. Little's confidential declaration has
            been reviewed. Based on his averments, it is
4           apparent that Mr. Little's failure to timely
            file Plaintiff's oppositions to the motions
5           for summary judgment as required by Court
            Orders was based to some extent by Mr.
6           Little's medical extremis. Because jury
            trial is not set to commence until September
7           23, 2008, the denial of Plaintiff's request
            for an extension of time to file oppositions
8           to the motions for summary judgment is
            reconsidered.
9
            Plaintiff shall file her oppositions to
10          Defendants' respective motions for summary
            judgment no later than noon, Thursday, May
11          15, 2008. Defendants' replies, if any, shall
            be filed on or before Monday, June 9, 2008.
12          The May 12, 2008  hearing on the motions for
            summary judgment is continued to Monday, July
13          14, 2008 at 10:00 a.m.

14 The May 7, 2008 Order further stated:

15          Mr. Little is advised that *any* further
            failure in this action to timely comply with
16          Court Orders or the Local Rules of Practice
            will result in the dismissal of this action
17          as a sanction pursuant to Rule 41(b), Federal
            Rules of Civil Procedure. No further
18          extensions or continuances requested by Mr.
            Little will be granted under any
19          circumstances and no untimeliness, even by
            one day, will be excused. Mr. Little has
20          been given repeated continuances in this and
            other actions; his personal and medical
21          situations have been more than accommodated
            by the Court and opposing parties. If it is
22          necessary to protect the interest of his
            client, Mr. Little may associate counsel or
23          obtain substitute counsel if he is unable to
            comply with Court-ordered deadlines.
24          However, the Court-ordered deadlines will not
            be continued if Mr. Little associates counsel
25          or new counsel for Plaintiff is substituted.
            Defendants have an equal right to have this
26          case resolved on schedule without further

delay.
The extended filing date was selected to give Mr. Little the additional week he requested through April 25, 2008, plus two additional weeks, bringing the total time Mr. Little had to respond to the motions for summary judgment to five months.

On May 13, 2008, Mr. Little filed a "Statement of Inability to Comply with Court's May 7, 2008 Order":

> Counsel is unable to file her opposition to the pending motions for summary judgment or summary adjudication by this Thursday, May 15, 2008, and that it will certainly not be possible to obtain the interim assistance of other counsel who can assist plaintiff meet that deadline.  Therefore, plaintiff will be unable to comply with said deadline, which comes more than two months before the current hearing date.  While plaintiff believes she could file an opposition consistent with Eastern District Local Rules and the current hearing date, an earlier filing by May 15 will simply be impossible.

No opposition to the pending motions for summary judgment have been filed.  At the hearing on July 14, 2007, Mr. Little stated that he had nothing to add to the record in this action and did not assert that he could file oppositions to the motions for summary judgment.

Before imposing dismissal as a sanction under Rule 41(b) the court must weigh the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions.   *Thompson v. Housing Auth. of Los*

1  *Angeles*, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829
2  (1986).  Dismissal as a sanction should be imposed only in
3  extreme circumstances.  *Id*.  Resolution of a Rule 41(b) motion to
4  dismiss usually depends on the third and fifth factors, as the
5  first two usually favor dismissal for violation of a court order,
6  while the fourth factor usually weighs against dismissal,
7  *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th
8  Cir.2004).  The Ninth Circuit holds that it "may affirm a
9  dismissal where at least four factors support dismissal ... or
10 where at least three factors 'strongly' support dismissal."
11 *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

12      The public's interest in expeditious resolution of this
13 litigation weighs in favor of dismissal of this action.  This
14 action was filed two and one-half years ago.

15      With regard to the court's need to manage its docket, this
16 factor also weighs in favor of dismissal because of Mr. Little's
17 repeated failures to comply with Court-ordered schedules.  The
18 record establishes that Mr. Little's inaction has resulted in
19 delay in the prosecution of this action, even when Mr. Little
20 suggested the filing deadlines. Defendants' filed motions to
21 dismiss, noticing the motions for hearing on April 10, 2006.  On
22 March 27, 2006, the day his oppositions were due, Mr. Little
23 filed an ex parte application for a 30-day extension of time to
24 respond to Defendants' motions to dismiss (Doc. 44).  Over the
25 objections of the Defendants, Mr. Little was granted a 30 day
26 extension of time, the Order stating: "No further extensions of

5

time to respond to the motions to dismiss will be granted except upon the strongest showing of good cause." (Doc. 47). On May 30, 2006, the day after Plaintiff's oppositions to the motions to dismiss were due, Mr. Little filed a second ex parte application for a 30-day extension of time to file oppositions to the motions to dismiss (Doc. 48). Again, Defendants objected. Because of Defendants' objections, Mr. Little's second request for an extension of time to oppose the motions to dismiss was heard on June 2, 2006. By Order filed on June 12, 2006, (Doc. 55), Mr. Little was granted an extension of time to file his oppositions to June 20, 2006. Mr. Little timely complied by filing his oppositions to the motions to dismiss on June 20, 2006. By Order filed on July 14, 2006, Plaintiff was ordered to file a First Amended Complaint within 20 days.[1]  Defendants filed motions to dismiss the First Amended Complaint, noticing the motions for hearing on October 16, 2006. On October 2, 2006, Mr. Little filed an ex parte application for a 14-day extension of time to file his oppositions. Again, Defendants objected and a hearing on the application was held. By Order filed on October 12, 2006 (Doc. 84), Plaintiff was ordered to file the oppositions by

---

[1] On August 15, 2006, Defendants filed a motion to dismiss pursuant to Rule 41(b), Federal Rules of Civil Procedure, on the ground that Plaintiff had not filed a First Amended Complaint as required by the Court Order. On August 15, 2006, Plaintiff filed the First Amended Complaint. By Order filed on August 29, 2006, the Court allowed the First Amended Complaint to be filed and denied the Rule 41(b) motion, concluding that Mr. Little's failure to timely file the First Amended Complaint was the result of an inadvertent mistake. (Doc. 74).

1  October 16, 2006.  Plaintiff timely complied.  The motions to
2  dismiss the First Amended Complaint were denied by Order filed on
3  December 20, 2006.  A Scheduling Conference was held and a
4  Scheduling Conference Order issued, setting jury trial for April
5  1, 2008 (Doc. 98).  Defendants filed the motions for summary
6  judgment, and as described above, Mr. Little requested extensions
7  of time to respond, failing to comply with those dates after the
8  extensions were granted.

9  The factor of risk of prejudice to the defendants also
10 weighs in favor of dismissal.  The First Amended Complaint
11 involves allegations occurring in 2003 and a trial that occurred
12 in 2005.  Because of Mr. Little's failure to timely oppose the
13 motions for summary judgment, neither Defendants or the Court
14 have any input from Plaintiff concerning the substantive merits
15 of her claims.  In addition, Defendants are prejudiced because of
16 the probable delay that will result in conducting the Pretrial
17 Conference and the jury trial if further extension of time to
18 oppose the motions for summary judgment is granted.

19 With regard to the public policy favoring disposition of
20 cases on their merits, the Ninth Circuit holds that this policy
21 counsels strongly against dismissal and "is particularly
22 important in civil rights cases."  *Hernandez*, *supra*, 138 F.3d at
23 399.

24 With regard to the availability of less drastic sanctions,
25 this factor weighs in favor of dismissal.  The case has been
26 impeded by Mr. Little's numerous failures to meet filing

7

1  deadlines to pleading and now dispositive motions.  The court
2  expressly advised Mr. Little that failure to timely comply with
3  the May 7 Order or other court orders would result in the
4  dismissal of this action.  *See Malone v. U.S. Postal Service*, 833
5  F.2d 128-132-133 (9th Cir. 1987), *cert. denied*, 488 U.S. 819
6  (1988) (warning a plaintiff that failure to obey a court order
7  will result in dismissal can suffice to meet the "consideration
8  of alternatives" requirement).  At the hearing on July 14, 2008,
9  Mr. Little made no argument that he would or could file
10 oppositions to the motions for summary judgment within any time
11 period.  The court has no confidence that Mr. Little would timely
12 comply with an order imposing a lesser sanction and has no
13 confidence that Mr. Little would timely comply with any extended
14 briefing schedule, if he had requested one.  Mr. Little's implied
15 assertion in his May 13 filing that he "believes" he could have
16 complied with an opposition filing date nearing to the July 14
17 hearing date is unpersuasive given the history of this action and
18 his failure to do so.  Mr. Little requested and obtained an
19 extension of time to file his oppositions to the motions in
20 January, 2008.  The date for the filing of the oppositions was
21 set by Mr. Little himself.  Mr. Little did not comply and
22 requested a one-week extension to file his oppositions.  When his
23 request for a one-week extension was initially denied, Mr. Little
24 sought reconsideration based on his medical and personal
25 problems.  When the Court granted reconsideration and gave Mr.
26 Little more than the one-week extension he had initially

requested (three weeks to May 15, 2008), Mr. Little asserted that he could not comply.[2]

Three of the four required factors strongly weigh in favor of dismissal of this action pursuant to Rule 41(b).

For the reasons stated:

1.  This action is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b), Federal Rules of Civil Procedure;

2.  The Clerk of the Court is directed to enter **JUDGMENT FOR DEFENDANTS**.

IT IS SO ORDERED.

Dated: __July 23, 2008__                    _____/s/ Oliver W. Wanger_____
                                            UNITED STATES DISTRICT JUDGE

---

[2] This lack of confidence is underscored by the fact that a motion to compel discovery responses and for sanctions has been filed against Mr. Little in *Byrd v. Teater*, No. CV-F-06-900 OWW/DLB. That motion was heard on July 14, 2008. Mr. Little filed no written opposition to the motion to compel and had no explanation for his failure to provide the requested discovery. The Court had to suggest and then order a date within which Mr. Little is to provide the discovery.