IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIFFANY FENTERS, | ) | No. CV-F-05-1630 OWW/DLB |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| | ) | ORDER DENYING PLAINTIFF'S |
| Plaintiff, | ) | MOTION FOR RECONSIDERATION |
| | ) | OF JULY 14, 2006 DISMISSAL |
| vs. | ) | OF THE ELEVENTH CAUSE OF |
| | ) | ACTION (Doc. 221) |
| | ) | |
| YOSEMITE CHEVRON, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The former Eleventh Cause of Action of Plaintiff Tiffany Fenters' Complaint was against the Abbate Defendants pursuant to California Labor Code §§ 98.6, 232.5 and 1102.5, alleging that the Abbate Defendants retaliated against Tiffany for complaining to the Abbate Defendants about the denial of her rights to compensation and benefits under federal and state law. By Order filed on July 14, 2006, (Doc. 62), the Court dismissed with prejudice Tiffany's Eleventh Cause of Action on the ground that Plaintiff had not alleged exhaustion of administrative remedies before the Labor Commissioner as required by *Campbell v. Regents*

*of the Univ. of Cal.,* 35 Cal.4th 311 (2001), and *Neveu v. City of Fresno.*, 392 F.Supp.2d 1159 (E.D.Cal.2000).

On October 7, 2009, in *Creighton v. City of Livingston,* No. CV-F-08-1507 OWW/SMS, the Court denied Defendant's motion to dismiss:

> The cases relied upon by the Court in the May 19, 2009 Order were all federal district court decisions relying on *Campbell* to conclude that exhaustion of administrative remedies is required before the Labor Commissioner. No California decision requires as a prerequisite to suit for statutory violation of the Labor Code exhaustion of administrative remedies before the Labor Commissioner. California case law is to the contrary. By its terms, *Campbell* only held that exhaustion of *internal* administrative remedies is required; there is no discussion in *Campbell* of exhaustion of administrative remedies before the Labor Commission.
>
> "The task of a federal court in a diversity action is to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum." *Gee v. Tenneco*, 615 F.2d 857, 861 (9th Cir.1980). In doing so, federal courts are bound by the pronouncement of the state's highest court on applicable state law. *Davis v. Metro. Prod., Inc.*, 885 F.2d 515, 524 (9th Cir.1989). Absent such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance. *Nelson v. City of Irvine*, 143 F.3d 1196, 1206 (9th Cir.1998). However, where there is no convincing evidence that the state supreme court would decide differently, a federal court must follow the decisions of the state's intermediate appellate courts. *Id.* Here, two decisions, albeit one unpublished, have ruled after *Campbell,* that for statutory

>    labor law claims, exhaustion of
>    administrative remedies before the Labor
>    Commissioner is not required. Counsel for
>    the Labor Commissioner has opined in another
>    matter that exhaustion of administrative
>    remedies before the Labor Commissioner is not
>    a prerequisite to suit for statutory
>    violations of the Labor Code.
>
>    Based on this intermediate appellate case law
>    and the limits of *Campbell*, reconsideration
>    of the prior ruling is appropriate.
>    Exhaustion of administrative remedies before
>    the Labor Commissioner before filing suit for
>    statutory violations of the Labor Code is not
>    required under California law.

Based on *Creighton,* Tiffany moves for reconsideration of the July 14, 2006 Order dismissing the Eleventh Cause of Action and makes a related request for leave to file a Second Amended Complaint to include the Eleventh Cause of Action.

Defendants, relying on Rule 60(b), Federal Rules of Civil Procedure, argue that reconsideration is not appropriate under any of the standards governing application of Rule 60(b), although a change in applicable law has obviously occurred. However, as Tiffany notes, the Order dismissing the Eleventh Cause of Action is interlocutory. Therefore, discretion exists to reconsider. *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal.1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir.1987), *cert. denied*, 486 U.S. 1015 (1988). "[T]his Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). "Courts have

distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Kern-Tulare Water Dist., id.*. Pursuant to Rule 78-230(k)(3), Local Rules of Practice, the party seeking reconsideration has the duty to indicate "in an affidavit or brief, as appropriate," "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion,' and "why facts or circumstances were not shown at the time of the prior motion." Here, the Court, in another case, reconsidered whether administrative exhaustion before the Labor Commissioner is required under state law, a question of law. Because the Court recognized that its prior rulings on the issue were incorrect, it follows that dismissal of the Eleventh Cause of Action for failure to exhaust administrative remedies before the Labor Commissioner was erroneous and will be reconsidered to prevent manifest injustice to Tiffany.

Defendants argue that Tiffany's motion for reconsideration should be denied because the Eleventh Cause of Action also failed to state a claim upon which relief can be granted.

In their motion to dismiss, Defendants moved to dismiss Tiffany's claim for violation of California Labor Code § 98.6 on the ground that Tiffany did not allege that she made a complaint

4

to any governmental body regarding working conditions at Yosemite Chevron and that she was threatened with discharge or discriminated against because she made such a complaint. Labor Code § 98.6 provides in pertinent part:

> (a) No person shall discharge an employee or in any manner discriminate against any employee ... because the employee ... has filed a bona fide complaint or claim or caused to be instituted any proceeding under or relating to his or her rights, which are under the jurisdiction of the Labor Commissioner, or because the employee has initiated any action or notice pursuant to Section 2699, or has testified or is about to testify in any such proceeding or because of the exercise by the employee .. on behalf of himself, herself, or others of any rights afforded him or her.
>
> (b) Any employee who is discharged, threatened with discharge, demoted, suspended, or in any other manner discriminated against in the terms and conditions of his or her employment ... because the employee has made a bona fide complaint or claim to the division pursuant to this part, or because the employee has initiated any action or notice pursuant to Section 2699 shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by those actions of the employer. ....

Defendants moved to dismiss the Eleventh Cause of Action to the extent it alleged a violation of California Labor Code § 232.5 on the ground that the provision does not confer a private right of action to an aggrieved employee. Labor Code § 232.5 provides in pertinent part:

> No employer may do any of the following:
>
> (a) Require, as a condition of employment, that an employee refrain from disclosing

>information about the employer's working conditions.
>
>(b) Require an employee to sign a waiver or other document that purports to deny the employee the right to disclose information about the employer's working conditions.
>
>(c) Discharge, formally discipline, or otherwise discriminate against an employee who discloses information about the employer's working conditions.

As to Labor Code § 1102.5, Defendants argued that, except for corporations or limited liability companies, Section 1102.5 provides no private right of action. Section 1102.5 provides in pertinent part:

>(a) An employer may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with state or federal rule or regulation.
>
>(b) An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.
>
>(c) An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.
>
>(d) An employer may not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in

        any former employment.

        ...

        (f) In addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section.

Tiffany merely responded that "[t]he Abbate Defendants ... do not cite any cases indicating that plaintiffs' California Labor Code claims have to be specifically pleaded." (Doc. 57, 20:9-10). Defendants now argue that reconsideration of the dismissal of the Eleventh Cause of Action should be denied because the allegations of the Complaint failed to state a claim upon which relief can be granted.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir.2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir.2003). "A district court

should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'" *Williams ex rel. Tabiu v. Gerber Products Co.*, 523 F.3d 934, 938 (9th Cir.2008), quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007).  "'Factual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, *id.* at 555.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* at 556.  The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully,  *Id.*  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.  In *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009), the Supreme Court explained:

> Two working principles underlie our decision in *Twombley*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitations fo the elements of a cause of action, supported by mere conclusory statements, do not suffice

> ... Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss ... Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense ... But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.' ....
>
> In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Immunities and other affirmative defenses may be upheld on a motion to dismiss only when they are established on the face of the complaint.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.1999); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)  When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice.  *Parrino v. FHP, Inc*, 146 F.3d 699, 705-706 (9th Cir.1988).

As to the alleged violation of Section 98.6, Defendants argue that it does not apply because there are no allegations that Tiffany was discharged or that Defendants did anything to discriminate against her; Tiffany alleges that she resigned and that Defendants retaliated against her after her resignation by filing a theft complaint against her with the Merced County District Attorney's Office.

Plaintiff responds that a fair reading of the allegations of the initial Complaint demonstrates that she alleged a pattern or retaliation against her that began shortly after Plaintiff was hired and continued through the time of her resignation and beyond.

The initial Complaint alleged that was employed by Yosemite Chevron on June 6, 2002 as a cashier/stock clerk; that Tiffany was instructed to balance the register and clear the register drawer of any cash in excess of $150 at the end of her shift; that, shortly after beginning her employment, she learned that she and other employees were required to reimburse Yosemite Chevron for any funds lost as a result of "drive-offs" as a condition of their continued employment and that employees were required to pay for daily defalcations, regardless of the cause; that Tiffany was required to work overtime without extra pay as a condition of her continued employment regardless of her other commitments if additional help was needed and was informed that she was not entitled to overtime because she was a volunteer worker in those situations; that, within months of starting work

at Yosemite Chevron, another employee expressed inappropriate and unwanted sexual interest in her, lured her to his residence under the false pretense that a business party was to take place and then put an unknown controlled substance in her drink, forced her to stay at his residence when she tried to leave and began to grab and touch her in a highly inappropriate sexual manner, and that, when Tiffany brought this incident to Yosemite Chevron's management, no effective remedial action was taken and no adverse personnel action was taken against the employee for his conduct; that, when another employee was videotaped taking money out of Tiffany's purse, the employee admitted taking the money but indicated that he was joking; that it became apparent that illicit drug use was occurring at Yosemite Chevron, including such use by defendant Robert Abbate; that Tiffany voiced numerous complaints about the pattern of illegal activity alleged in the Complaint; that based on the pattern of illegal activity and Yosemite Chevron's management's failure to take effective remedial action, Tiffany left her employment with Yosemite Chevron on March 26, 2003; that she was forced without compensation to return to the premises of Yosemite Chevron to put her decision in writing and that she was not paid all the compensation to which she was then legally entitled, including reimbursement for sums she had been illegally required to pay for "drive-offs" and other defalcations, and for overtime.  The Complaint further alleges that defendants Robert Abbate and James Abbate and other representatives of Yosemite Chevron went to the

Office of the Merced County District Attorney and made false and retaliatory charges of embezzlement against Tiffany; that these allegations were directed to the Office of the District Attorney, instead of the law enforcement agency with primary jurisdiction, because the complaining witnesses had a prior personal relationship with defendant District Attorney Gordan Spencer; that "available records indicate that Spencer directed and routed the Abbates' and Yosemite Chevron's complaint not to the local law enforcement agency with primary jurisdiction, as would typically be the case, but instead to [defendant Merle Wayne Hutton, Supervising Investigator for the Merced County District Attorney]"; that "during the period of April, May and June 2003, Hutton headed a result-oriented investigation into the Abbates' and Yosemite Chevron's false allegations at their behest and at Spencer's direction" and that Spencer and the Abbates participated in this investigation.  The Complaint alleges that Tiffany was charged with embezzlement in violation of the California Penal Code on June 23, 2003 and booked on these charges on August 7, 2003.  The Complaint alleges that the basis for the criminal prosecution was that Tiffany advised and instructed another Yosemite Chevron employee, Alejandro Aceves, on how to embezzle funds on a consistent substantial basis, that Tiffany was personally responsible for embezzling in excess of $12,000 and that Aceves was responsible for embezzling in excess of $19,000; that these allegations were false and without any reliable evidentiary support; that, over the time the

12

1  embezzlement allegedly occurred; there was no corresponding drop
2  in income or inventory, the regular checks of the register
3  indicated losses consistent with the alleged embezzlement, there
4  was no indication that Tiffany was responsible for any of the
5  alleged suspicious activity because several employees work each
6  shift, that Yosemite Chevron's system of controls make its
7  records and the allegations of embezzlement highly suspect, and
8  that there was no indication that Tiffany was ever reported
9  during the subject time period as having any unexplained amounts
10 of cash or suspicious property.  The Complaint then alleges:

> 29.  The false and baseless allegations of embezzlement against Tiffany were supported by the accountant firm retained on behalf of the prosecution, [defendant Cassabon & Associates] and the accountants from Cassabon specifically assisting the prosecution, [defendants Victor K. Fung and Erin M. McIlhatton].  These defendants disregarded all of the above-outlined facts showing the embezzlement allegations to be baseless and incredible, as well as the professional standards that are supposed to be followed by accountants engaged to provide litigation services.  As a result, these defendants produced misleading, result-oriented reports that served to add a false air of legitimacy to the embezzlement allegations.

The Complaint further alleges that defendant Spencer attended a hearing in the criminal proceeding on January 5, 2004 and acknowledged on that date that he had a personal relationship with the Abbates; that, despite Tiffany's lack of a criminal history and the relatively small amount of the alleged loss, the criminal proceeding received "'special attention'" and a felony resolution was always demanded at Spencer's insistence."  The

13

Complaint further alleges that "despite any credible incriminating facts or evidence, [defendant Deputy District Attorney Mark Bacciarini] persisted in pursuing a felony conviction at Spencer's instruction."  Trial commenced on September 27, 2005 and Tiffany was acquitted on October 13, 2005. The Complaint further alleges that plaintiffs sustained approximately $60,000 in legal and related expenses, that the delay in bringing the case to trial impaired Tiffany's ability to pursue her education, forcing her to withdraw from several classes and causing her to receive failing or unsatisfactory grades in some of her classes; that Tiffany has developed stress related kidney stones, lost significant amounts of sleep, experienced mental stress and anguish that required the prescription of psychotropic medication, and continues to suffer these symptoms; and that Tiffany, fearing further retaliation, has left Merced County to continue her education elsewhere.

   To the extent that the Eleventh Cause of Action alleges a violation of Labor Code § 98.6, the Complaint does not appear to state a claim upon which relief can be granted.  There are no allegations that Tiffany "filed a bona fide complaint or claim or caused to be instituted any proceeding under or relating to his or her rights, which are under the jurisdiction of the Labor Commissioner, or because the employer has initiated any action or notice pursuant to Section 2699, or has testified or is about to testify in any such proceeding or because of the exercise by the employee ... on behalf of himself, herself, or others of any

rights afforded him or her."  Further, the allegations of the initial Complaint allege that Defendants retaliated against her after her resignation by filing false theft charges against her. Defendants cite California Government Code § 12940(h) and *Miller v. Department of Corrections,* 34 Cal.4th 446, 472 (2005), involving the retaliation in violation of the FEHA, that describes the prima facie case of unlawful retaliation: (1) the employee engaged in activities protected by the FEHA, (2) the employer subsequently took adverse employment action against the employee, and (3) there was a causal connection between the protected activity and the adverse employment action.

As to Labor Code § 232.5, there are no allegations that Defendants required, as a condition of employment, that Tiffany "refrain from disclosing information about the employer's working conditions" or to sign a waiver or other document denying Tiffany the right to disclose information about the employer's working conditions.  Labor Code § 232.5(a) and (b).  There also is no allegation that Defendants discharged, formally disciplined, or discriminated against Tiffany because she disclosed information about Defendants' working conditions.

As to Labor Code § 1102.5, there are no allegations in the Complaint that Defendants had a rule, regulation or policy preventing Tiffany from disclosing information to a government or law enforcement agency about a violation of federal or state statutes or failure to comply with federal or state rules or regulations, § 1102.5(a), that Defendants retaliated against

15

Tiffany for disclosing such information to a government or law enforcement agency, § 1102.5(b), or that Defendants retaliated against Tiffany "for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation." § 1102.5(c).  As explained in *Hansen v. California Dept. Of Corrections and Rehabilitation,* 171 Cal.App.4th 1537, 1546 (2008):

> The purpose of [Section 1102.5] is to '"encourag[e] workplace whistle-blowers to report unlawful acts without fearing retaliation."' ....
>
> To establish a prima facie case for whistleblower liability, a plaintiff must show that he or she was subjected to adverse employment action after engaging in protected activity and that there was a causal connection between the two ... Accordingly, a prerequisite to asserting a Labor Code Section 1102.5 violation is the existence of an employer-employee relationship at the time the allegedly retaliatory action occurred.

There are no such allegations in the initial Complaint.

Defendants also argue that the Eleventh Cause of Action, to the extent that it alleges a violation of Section 1102.5, is time-barred.  Because Section 1102.5 provides for penalties, Defendants assert that the applicable statute of limitations is the one-year statute set forth in California Code of Civil Procedure § 340(a), which requires an action upon a statute for a penalty or forfeiture to be filed within one year.  Defendants contend that the alleged retaliatory action, the filing of the criminal complaint for theft against Tiffany, occurred on June

**23, 2003.  The Complaint was not filed until December 22, 2005.**

**Tiffany does not respond to Defendants' assertion that the alleged violation of Section 1102.5 is time-barred and, therefore, concedes the issue.**

## CONCLUSION

**For the reasons stated, Plaintiff's motion for reconsideration of the July 14, 2006 dismissal of the Eleventh Cause of Action is DENIED.**

IT IS SO ORDERED.

**Dated:   December 14, 2009**               /s/ Oliver W. Wanger
                                                       UNITED STATES DISTRICT JUDGE