1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT FOR THE

7                          EASTERN DISTRICT OF CALIFORNIA

8

9  TIFFANY FENTERS,                    )          No. CV-F-05-1630 OWW/DLB
                                       )
10                                     )          MEMORANDUM DECISION AND
                                       )          ORDER GRANTING PLAINTIFF'S
11                   Plaintiff,        )          MOTION TO BE RELIEVED FROM
                                       )          DEEMED ADMISSIONS (Doc. 216)
12          vs.                        )
                                       )
13                                     )
   YOSEMITE CHEVRON, et al.,           )
14                                     )
                                       )
15                   Defendants.       )
                                       )
16 _____)

17       In opposing Defendants County of Merced, Gordon Spencer, and

18  Merle Wayne Hutton's motion for summary judgment, Plaintiff

19  filed a motion to be relieved from deemed admissions.

20       On October 26, 2007, the County Defendants served Plaintiff

21  by mail with requests for admission.  The requests for admission

22  were served on Plaintiff's counsel, Kevin Little at 2115 Kern

23  Street, Suite 330, Fresno, California.  Responses to the requests

24  for admission were due by November 26, 2007.  On November 26,

25  2007, Mr. Little filed a Notice of Change of Address, listing his

26  new address as 2339 Kern Street, Suite 330, Fresno, California.

                                      1

The County Defendants' motion for summary judgment was filed on December 21, 2007 and relied to some extent on the unanswered requests for admission.  Plaintiff filed responses to the requests for admission on April 28, 2008.  In the responses to requests for admission, Plaintiff's counsel avers that the requests for admission, "although apparently propounded in late October 2007, were not received during that time period, perhaps because plaintiff's counsel was then in the process of changing offices."

Rule 36(a), Federal Rules of Civil Procedure, provides that the "matter is deemed admitted unless, within 30 days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party ...."  "Failure to respond to requests for admission results in automatic admission of the matters requested ... No motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self-executing."  *Federal Trade Commission v. Medicor LLC,* 217 F.Supp.2d 1048, 1053 (C.D.Cal.2002).  Rule 36(b), Federal Rules of Civil Procedure, provides:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.  Subject to Rule 16(c), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

1    Plaintiff asserted in opposition to Defendants' motion for

2   summary judgment based on the deemed admissions:

3              Plaintiff has timely responded to more than a
               dozen discovery requests in this action
4              without any motions to compel being filed, so
               there is no inference that her failure to
5              respond any earlier was in any way
               intentional or sanctionable, much less to the
6              extent sought by the County Defendants.

7   Plaintiff's contention that, because Defendants did not file a

8   motion to compel responses to the requests for admission, she

9   should be relieved of the deemed admissions, fails because of

10  self-executing provision in Rule 36(a).

11   Plaintiff did not move to be relieved of the deemed

12  admissions until after the County Defendants' motion for summary

13  judgment had been taken under submission by the Court for

14  resolution.  In support of the motion to be relieved from the

15  deemed admissions, counsel for Plaintiff avers:

16             I was required to move with minimal notice
               from my prior office in late October 2007,
17             and had vacated said premises before November
               1, 2007.  I do not ever recall seeing or
18             being aware of the subject admission requests
               until they were presented as part of the
19             County defendants' motion for summary
               judgment.  I suspect that the unopened
20             envelope containing the subject requests may
               have been misplaced during my hasty move.
21             However, I can assure the Court that I did
               not intentionally refuse to timely respond to
22             said requests on plaintiff's behalf.

23   "Rule 36(b) is permissive, not mandatory, with respect to

24  the withdrawal of admissions.  *Conlon v. United States*, 474 F.3d

25  616, 621 (9th Cir.2007).  'The first half of the test in Rule

26  36(b) is satisfied when upholding the admissions would

3

practically eliminate any presentation of the merits of the
case.'" *Id.* at 622.  The party relying on the deemed admissions
has the burden of proving prejudice.  *Id.*   "The prejudice
contemplated by Rule 36(b) is 'not simply that the party who
obtained the admission will now have to convince the factfinder
of its truth.  Rather, it relates to the difficulty a person may
face in proving its case, e.g., caused by the unavailability of
key witnesses, because of the sudden need to obtain evidence'
with respect to the questions previously deemed admitted."
*Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir.1995).
"Reliance on a deemed admission in preparing a summary judgment
motion does not constitute prejudice." *Conlon*, *id.* at 624.
However, even if the moving party satisfies the two-pronged test,
the Court retains discretion to deny the motion.  *Id.* at 624-625.
"[I]n deciding whether to exercise its discretion when the moving
party has met the two-pronged test of Rule 36(b), the district
court may consider other factors, including whether the moving
party can show good cause for the delay and whether the moving
party appears to have a strong case on the merits." *Id.* at 625.

Here, the two-pronged test is satisfied.  The deemed
admissions practically eliminate any presentation by Plaintiff of
the case on the merits.  The County Defendants have not shown
prejudice as contemplated by *Conlon*.  The County Defendants rely
on the deemed admissions in seeking summary judgment.  Further,
the County Defendants rely on deposition testimony, declarations,
and other documentary evidence as well as the deemed admissions

4

1  in seeking summary judgment.  There is no showing that granting
2  Plaintiff's motion to be relieved of the deemed admissions will
3  cause the County Defendants any difficulty in proving their case.
4  Although Plaintiff's counsel was careless in representing his
5  client by failing to insure that all papers received by him in
6  connection with this action were accounted for during the move of
7  his office, the Court concludes that he has shown cause for the
8  delay in responding to the deemed admissions.  Further, no trial
9  date has been set in this action.

10      Plaintiff's motion to be relieved from the deemed admissions
11  is GRANTED.  The Court disregards the County Defendants'
12  Statement of Undisputed Facts Nos. 70-75 in support of the motion
13  for summary judgment.

14      IT IS SO ORDERED.

15  Dated:   March 23, 2010            /s/ Oliver W. Wanger
16                          UNITED STATES DISTRICT JUDGE