UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY FENTERS, DEBRA FENTERS, and VIRGIL FENTERS,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>YOSEMITE CHEVRON; ABBCO INVESTMENTS, LLC, et al.,<br><br>　　　　　Defendants. | 1:05-cv-1630 OWW<br><br>ORDER DENYING DEFENDANTS' EX PARTE APPLICATION TO SHORTEN TIME FOR HEARING ON AND DENIAL OF DEFENDANTS' MOTION FOR CERTIFICATION OF ORDER FOR APPEAL PURSUANT TO 28 U.S.C. § 1292(b) |

　　　Defendants, Yosemite Chevron, Abbco Investments, LLC and Robert Abbate ("Defendants") seek an ex parte application for order shortening time to hear their motion to certify for immediate appeal the Court's December 30, 2010 Order Denying Summary Judgment pursuant to 28 U.S.C. § 1292(b).  No oral argument is necessary and the matter is submitted for decision.

　　　This case, brought by Tiffany Fenters, a former employee of the Abbate Defendants, alleges claims for violation of her civil rights and other damages arising from the alleged wrongful termination of her employment, abusive employment practices, and accusations of criminal wrongdoing against her made by the Abbate Defendants, leading to a criminal prosecution of Fenters, which

1

resulted in her acquittal.

Defendants have suggested that the denial of their summary judgment motion was erroneous based on their contention that as private parties they could not have conspired or acted in concert with public officials and other state actors in the Merced County District Attorney's Office and related law enforcement agencies.

A.   Required Legal Standard.

Defendants seek certification of the Court's decision granting in part and denying in part Defendants' Motion for Summary Judgment, an interlocutory order from which no appeal is available until the entry of final judgment following trial on the merits.  *Hopkins v. City of Sierra Vista, Ariz.*, 931 F.2d 524, 529 (9th Cir. 1991).  The standard for a permissive interlocutory appeal requires that a district court find and certify that its order: 1) involves a controlling question of law; 2) as to which there is substantial ground for difference of opinion; and 3) an immediate appeal may materially advance ultimate termination of the litigation.

In the Ninth Circuit, § 1292(b) is to be applied sparingly and only in exceptional cases.  The "controlling question of law" requirement must be interpreted in such a way as to implement this policy.  *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1027 (9th Cir. 1982); *Davis Moreno Construction, Inc. v. Frontier Steel Buildings Corp.*, 2011 WL 347127 (E.D. Cal. Feb. 2, 2011). A party seeking interlocutory review "has the burden of persuading the Court of Appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate

review until after the entry of a final judgment." *Coopers & Lybrand v. Livisay*, 437 U.S. 463, 475 (1978).  The standard to certify a question of law is high and a district court generally should not permit such an appeal where "it would prolong litigation rather than advance its resolution." *Syufy Enter. v. Am. Multi Cinema, Inc.*, 694 F.Supp. 725, 729 (M.D. Cal. 1988). In applying these standards, the trial court must weigh the asserted need for the proposed interlocutory appeal with the policy in the ordinary case of discouraging piecemeal appeals. *Association of Irritated Residents v. Fred Schakel Dairy*, 634 F.Supp.2d 1081, 1087 (E.D. Cal. 2008).

To establish a "substantial ground for difference of opinion," a showing that there is a dearth of case law, or that the issue is a question of first impression is insufficient. *Davis Moreno*, 2011 WL 347127 at **2-3.  The Court should also consider: 1) if there are other claims (even ones of state law) for which trial would nonetheless be required; 2) whether trial is imminent; 3) whether the trial promises to be lengthy or complex; and 4) how long the litigation has been pending. *Id.* at **3-4.

This case has been pending since 2005.  It is now approximately six years old.  The summary judgment ruling now sought to be appealed was entered December 30, 2010.  The present motion filed 78 days later seeks to avoid an imminent June 14, 2011 trial date, previously scheduled with the agreement of the parties in January 2011.  This delay alone is sufficient to deny certification. *Falise v. American Tobacco Co.*, 94 F.Supp.2d 316, 357 (E.D. N.Y. 2000) (denying certification motion two and one-

half months before the scheduled trial and holding, "[T]o delay proceedings for appellate review on the eve of trial would not advance the ends of justice, and would unnecessarily burden both this Court and the Court of Appeals."). The party seeking certification must act with "diligence." *Jiddes Richard Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*, 202 F.3d 957, 958-59 (7th Cir. 2000) (two month delay in filing for certification was untimely); *Weir v. Propst*, 915 F.2d 283, 285-87 (7th Cir. 1990) (sixty-three days between interlocutory order and certification motion justified denial on the grounds of lack of timeliness); *see also Jiddes v. Glenn Falls Ins. Co.*, 2003 WL 23486911, *1 (M.D. Fla. 2003).

There are other claims advanced by Plaintiff. The trial will not be lengthy (approximately eight days). The trial will not be complex as the issues turn almost entirely on the credibility of witnesses. The motion lacks diligence, is untimely, and simply seeks to avoid trial in this case. This lack of diligence justifies denial of a motion.

B.  <u>Merits of the Motion</u>.

*Arguendo*, the Defendants argue that a claim cannot be maintained under the Civil Rights Act, 42 U.S.C. § 1983 solely against a private actor. The Court has addressed the issue on pages 57-75 of the underlying decision denying summary judgment. Under the authority of *Arnold v. IBM Corp.*, 637 F.2d 1350, 1356-57 (9th Cir. 1981), a civil rights plaintiff can establish the requisite causation between the conduct of private persons and a violation of § 1983 by proving that private individuals exercise

4

control over the decision-making state law enforcement in an investigation. (Cited with approval and followed in *Franklin v. Fox*, 312 F.3d 423, 445-446. Defendants' argument that the dismissal of governmental co-defendants ends the ability to maintain the claim against the private defendants is belied by the *Arnold* case, 637 F.2d at 1352, where the plaintiff did not sue any governmental defendants.

Defendant Abbate, an individual, actively participated in the District Attorney's investigation working with the team assigned to the Fenters' criminal investigation and prosecution. District Attorney Investigator Hutton acknowledged that Defendant Abbate assisted the District Attorney's investigation in the Fenters' matter between May 14 and June 4, 2003. Defendant Abbate acknowledged he assisted with the investigation and had his most extensive contacts with Investigator Hutton during the District Attorney's investigative phase of the criminal case.

Investigator Hutton testified about an interview protocol set up between Defendant Abbate and Hutton to conduct the June 4, 2003 interview of a co-employee of Fenters. Abbate also set up the June 4, 2003 interview with his employee, Acevas. Abbate himself conducted the first part of the District Attorney's interview, in conformity with guidelines provided by Investigator Hutton. Abbate also provided an additional eight months of financial analysis to assist the District Attorney. Investigator Hutton spent approximately 20 hours working on the Fenters case. Defendant Abbate worked 35 hours on the investigation, not including time he spent assisting Hutton in interviews of witnesses.

5

Mr. Bassarini, lead prosecutor at the preliminary hearing and trial of the case against Fenters, had frequent contact with Defendant Abbate as did Investigator Hutton, to prepare for the preliminary hearing and present the trial.  This extensive involvement and participation coupled with the alleged motive of Abbate as employer and owner of the service station, Yosemite Chevron, where Plaintiff was employed, to avoid sexual harassment charges and allegations of other deprivations of Plaintiffs' employment interests present disputed issues of material fact whether they were joint participants in a concerted action to violate Plaintiffs' constitutional rights and had some control over the state officials' decision, that cannot be resolved as a matter of law.  Abbate also benefitted from the criminal prosecution which he aided by diverting Fenter's pursuit of her claims and his efforts to discredit her.

The Abbate Defendants raise an argument not presented in their Summary Judgment Motion and not addressed by the Court's Memorandum Decision concerning a malicious prosecution claim under § 1983.  An issue not raised in the trial court has been waived for failure to raise it in the District Court.  *Alameida Brooks, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1044 (9th Cir. 2011).

Plaintiff's First Amended Complaint alleged that the Abbate Defendants initiated their actions to cause her to be falsely prosecuted as a "preemptive strike" to defeat her from successfully pursuing any remedies for violation of her rights in the work place.  ¶ 23, Doc. 66, p. 8-9.  Plaintiff alleges there was no probable cause for her prosecution, that it was meritless,

and Defendants pursued it for the improper motive of attempting to defeat Plaintiff's claims. The Abbate Defendants' did not challenge this claim by their prior motion to dismiss the First Amended Complaint nor in Abbate Defendants' Summary Judgment Motion. *See* Docs. No. 78, 131. Under applicable U.S. Supreme Court precedent, a prosecution instituted without probable cause and intended to discourage a plaintiff from seeking redress for grievances violates the Fourth and First Amendments to the United States Constitution. *Hartman v. Moore*, 547 U.S. 250, 256, 261-62 (2006); *Beck v. City of Upland*, 527 F.3d 853, 864-67, 871 (9th Cir. 2008). The Abbates' citations of legal authority, to support their argument that the law is unsettled, pre-date these Supreme Court and Ninth Circuit more recent cases.

The last argument raised by the Abbate Defendants is that it was error to find a genuine issue of material fact whether or not the Abbate Defendants' conduct amounted to a "threat by means of force, intimidation and coercion" under Federal and/or State law. This is no more than a re-argument and disagreement with the Court's prior review of applicable case law that the Defendants' conduct is sufficient to meet the threats of force, intimidation and coercion requirement of the law.

## CONCLUSION

For all the reasons stated above, because the trial date is imminent, there is no just cause for Defendants' lack of diligence. Because Defendants seek an appeal from the entire case to prevent a trial, there is no just reason to certify this case for interlocutory appeal. There is nothing exceptional

7

about the circumstances of this case.  Defendants' Motion for Certification of Order for Appeal Pursuant to 28 U.S.C. § 1292(b) is DENIED.

IT IS SO ORDERED.

April 5, 2011.

                                          /s/ Oliver W. Wanger
                                           Oliver W. Wanger
                                    **UNITED STATES DISTRICT JUDGE**